UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BENDER SQUARE PARTNERS** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | |
| | § | Civ. No. 4:10-cv-4295 |
| **FACTORY MUTUAL INSURANCE** | § | |
| **COMPANY, d/b/a FM GLOBAL, and** | § | |
| **PNS STORES, Inc.** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

## MEMORANDUM AND ORDER

Before the Court is Defendant PNS Stores, Inc.'s Motion for Reconsideration of the Court's March 19, 2012 Order Granting Plaintiff's Motion for Declaratory Judgment and Cross-Motion for Summary Judgment ("Motion"). (Doc. No. 49.) After considering the Motion, all responses and replies thereto, and the applicable law, the Court concludes that the Motion should be **GRANTED.**

### I. BACKGROUND

The facts have been recounted in the Court's prior Memorandum and Order, and will be reviewed briefly here. Bender Square Partners ("Bender" or "Plaintiff") seeks to recover for losses it suffered as a result of Hurricane Ike in September 2008 to property ("the Property") it had leased to PNS Stores, Inc. ("PNS Stores"). (Doc. No. 30-1, Second Am. Compl. ¶ 7.) According to Bender, the amounts it seeks to recover are covered under a Commercial Property Insurance Policy ("the Policy") that Factory Mutual Insurance

1

Company, doing business as FM Global ("FM Global") issued to Big Lots, Inc. ("Big Lots") and its subsidiaries, one of which is PNS Stores (collectively, "Defendants"). (*Id.*) Bender alleges that FM Global wrongfully refused to timely and fully pay and indemnify Bender for all losses covered under the Policy. (*Id.* ¶ 8.) As a result, Bender seeks damages and other relief for FM Global's alleged breach of the Policy, breach of the implied covenant of good faith and fair dealing, and violations of the Texas Insurance Code. (*Id.* ¶ 9.) PNS Stores also allegedly failed to obtain insurance coverage over the Property in accordance with the terms of the lease agreement entered into between Bender and PNS Stores ("the Lease") over the Property. (*Id.* ¶ 10.) Therefore, Bender avers, PNS Stores is in default of the Lease and has breached the Lease, entitling Bender to rescission of the Lease and damages resulting from the breach. (*Id.*)

FM Global filed a Motion for Summary Judgment, arguing that Bender's claims against it fail as a matter of law. (Doc. No. 21, FM Global's Mot. Sum. Jgmt at 1.) On January 24, 2012, the Court granted FM Global's Motion. (Doc. No. 45.) PNS Stores had also filed a Motion for Summary Judgment (Doc. No. 25), which the Court dismissed without prejudice to refiling because it was mooted by Bender's filing of its Second Amended Complaint (Doc. No. 44). Bender then filed Motions for Summary Judgment and Declaratory Judgment (Doc. No. 36). The Court granted Bender's Motions in March 2012. (Doc. No. 48.) The issue before the Court was whether PNS Stores materially breached the Lease by obtaining an insurance policy that included a $250,000 deductible. The parties disputed whether the Lease permitted PNS Stores to obtain a policy with a deductible, even though it required insurance up to the "full replacement value." The Court concluded that the Lease required PNS Stores to obtain an insurance policy that did not include a deductible, or alternatively to assume liability for

the deductible amount. As PNS Stores did not agree to pay the deductible, the Court surmised, summary judgment should be granted against it.

PNS Stores now asks the Court to reconsider its March 2012 Order. According to PNS Stores, a genuine issue of material fact remains as to what, if any, damages were caused to the Property by Hurricane Ike. (Mot. Reconsider at 1.) PNS Stores informs the Court that at a deposition taken several days prior to the issuance of the Court's Order, PNS Stores' corporate representative acknowledged that PNS Stores is responsible for paying up to the amount of the deductible for repairs relating to a valid claim for damages. (*Id.*) On these grounds, PNS Stores urges, the Court should reconsider its prior Memorandum and Order and deny summary judgment in Bender's favor.

## II. LEGAL STANDARD

For motions for reconsideration filed within 28 days of a court's order, the Court applies Federal Rule of Civil Procedure 59(e). *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, No. H–11–3218, 2011 WL 6091807, at *5 (S.D. Tex. Dec. 7, 2011) (citing *Steadfast Ins. Co. v. SMX 98, Inc.*, No. H-06-2736, 2009 WL 3190452, at *4-5 (S.D. Tex. Sept. 28, 2009)). "[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Rosenweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th

Cir. 1989)). Although clear error of law has not been explicitly defined, it should conform to a very exacting standard. *Esparza v. Telerx Marketing*, No. EP-04-CA-0241-FM, 2005 WL 1514046, at *1 (W.D. Tex. June 21, 2005) (citing *Lightfoot v. District of Columbia*, 355 F.Supp.2d 414, 422 (D.D.C. 2005)).

"[T]he district court enjoys considerable discretion in granting or denying" a motion under Rule 59(e). 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2810.1 (2d ed. 2011). Nonetheless, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)).

### III. ANALYSIS

PNS Stores has not shown that it is entitled to reconsideration on the grounds of newly discovered evidence. A Rule 59(e) motion should not be granted based on newly discovered evidence unless the facts are (1) of such a nature that they would probably change the outcome; (2) actually newly discovered and could not have been discovered earlier by proper diligence; and (3) not merely cumulative or impeaching. *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003) (citing *English v. Mattson*, 214 F.2d 406, 409 (5th Cir. 1954)). The Fifth Circuit has explained that the unexcused failure to present evidence available at the time of summary judgment is a valid basis for denying a motion to reconsider. *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991). *See also Johnson v. BAC Home Loans Servicing, LP*, No. 5:10–CV–303–F, 2012 WL 148689, at *3 (E.D.N.C. Jan. 18, 2012) ("In the context of a motion under Rule 59(e), 'manifest injustice does not exist where, as here, a party could easily have avoided the outcome, but instead elected not to act until after a final order had been entered.'" (quoting *Lightfoot*, 355 F.Supp.2d at 422)); *Knight v. Kellogg*

*Brown & Root, Inc.*, 333 Fed.Appx. 1, 8 (5th Cir. 2009) (unpublished) ("[T]he plaintiffs fail to adequately explain why they did not obtain these documents before summary judgment, and '[a]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration.'" (quoting *ICEE Distribs. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847-48 (5th Cir. 2006))). First, the new deposition was taken prior to the Court's entry of judgment; therefore, it was not newly discovered. Second, the facts underlying the deposition—that PNS Stores acknowledges its burden to pay up to the amount of the deductable for a reasonable claim for damage to the property—was previously available to PNS Stores. *Alvarado v. Texas Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846, at *2 (W.D. Tex. June 14, 2005).

The Court does conclude, however, that it made a manifest error of fact in its ruling. "A manifest error of law or fact must be one 'that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *In re Wahlin*, No. 10–20479–TLM, 2011 WL 10633196, at *2 (Bankr. D. Idaho March 21, 2011) (quoting *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003)). "For example, the motion would be properly taken if the court patently misunderstood a party, making a mistake not of reasoning but of apprehension." *Id.* at *3 n.5 (citing *Gregg v. Am. Quasar Petroleum Co.*, 840 F.Supp. 1394, 1401 (D. Colo. 1991)). In other words, "[a] motion for reconsideration is proper when the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, has made a mistake not of reasoning but of apprehension, or there has been a significant change or development in the law or facts since the submission of the issues to the court." *Gregg*, 840 F.Supp. at 1401 (citing *EEOC v.*

5

*Foothills Title Guar. Co.*, Civ.A. No. 90-A-361, 1991 WL 61012, at *3 (D. Colo. Apr. 12, 1991)).

The Court found, based on the case law it was able to locate, that lessees obligated to obtain insurance pursuant to a lease are either expected to obtain a policy without a deductible, or are required to pay the lessor up to the deductible amount in the event of damage to the property. *See Boston Market Corp. v. Hack*, No. A-0182-05T2, 2007 N.J. Super. Unpub. LEXIS 2816, at * 7-9 (N.J. Super. Aug. 20, 2007) (finding that "in the absence of language in the lease that specifies a maximum allowable deductible or that directly prohibits insurance that features a deductible amount, the trial court could, and did, justifiably conclude that a deductible was not only permissible; it was reasonably to be expected," but noting that "the landlord would be unaffected by the size of the deductible" because the insurance company would pay the claims fully on a first-dollar basis, with lessee then reimbursing the insurance company for the deductible amount); *Seattle First National Bank v. Mitchell*, 87 Wash.App. 448, 455-56, 942 P.2d 1022 (1997) ("'A deductible policy of insurance is a policy issued for a reduced premium, in consideration for which the insurer pays a loss only to the extent that the loss exceeds a specified deductible sum. This makes the insured a self-insurer for the deductible. If a party to a lease who is obligated to effect insurance of some nature that insures another party obtains a deductible policy, that policy should be made liable for the amount of the deduction.'" (quoting 3 Milton R. Friedman, *Friedman on Leases*, § 38.1 at 1687 (3d ed. 1990))); *Carpet Central, Inc. v. Johnson*, 222 Ga.App. 26, 28 (1996) ("The evidence does not demonstrate that [lessee] could not obtain a policy without a deductible. Absent such evidence, [lessee] has not demonstrated that it fulfilled its obligation under the terms of the lease to maintain fire and casualty insurance

6

coverage *in fully adequate amounts* on its personal property, including trade fixtures, which was placed in or about the leased premises." (emphasis in original)); *Aerospatiale Helicopter Corp. v. Universal Health Services, Inc.*, 778 S.W.2d 492, 503 (Tex.App.-Dallas 1989, writ denied) (When helicopter was destroyed, lessee of the helicopter paid lessor the amount of insurance required by the lease minus the $25,000 of the insurance deductible. The Court held that there was insufficient evidence for the trial court to have found that the lessee satisfied the provisions of the lease requiring insurance coverage, and remanded for consideration of whether lessor was estopped from claiming entitlement to the deductible because it did not object to the deductible amount.); *Lancon v. Vallot, Jr.*, No. 83-1095, 459 So.2d 1360, 1362 (La.App. 3d Cir. 1984) (concluding, where lessee maintained a checking account solely for self-insurance to cover deductible claims, that "[r]ealistically, [lessee] cannot be expected to procure total underwriting of $1,000,000 worth of liability insurance with no deductible provisions, and we can hardly imagine that that could have been the intention of either party at the time of the lease agreement"); *Owens Illinois, Inc. v. Lake Shore Land Co., Inc.* 457 F.Supp. 896, 905 (W.D. Penn. 1978) (stating that it was "not proper for the [lessee] to secure a policy with a $5,000 deductible clause" because "[t]he lease provided … that lessee should carry fire and extended coverage insurance on the premises"); *Burger Chef Systems, Inc. v. Melfred Co.*, 547 F.2d 786, 790 (4th Cir. 1976) (observing, that by obtaining an insurance policy with a $100,000 deductible clause, lessee "was self insured for the first $100,000 of a loss," and finding that lessee "breached the terms of the lease agreement when it procured a policy of insurance with a $100,000 deductible cause [sic] which it had to pay, and in further providing, contrary to the plain terms of the lease, that it had the right to adjust the loss and jointly receive the proceeds"). However, there was no evidence in the record itself that PNS

Stores did not acknowledge its obligation to pay up to the deductible amount in the event of a reasonable claim for damages. In granting summary judgment for Bender, the Court committed a manifest error of fact.

Likewise, the Court finds that there would be a manifest injustice in this case if it does not reconsider its decision. There is no general definition of manifest injustice; rather, courts evaluate whether there has been a manifest injustice on a case-by-case basis. *Alvarado*, 2005 WL 1420846, at *3; *In re Cusano*, 431 B.R. 726, 734 (6th Cir. BAP 2010) ("Manifest injustice, as contemplated by Rule 59(e), is an amorphous concept with no hard line definition. However, courts have established various guidelines to be used on a case-by-case basis to determine whether the necessary manifest injustice has been shown." (quotations and citations omitted)). According to some courts, "'[w]hat is clear from the case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.'" *Id.* (quoting *Bunting Bearings Corp.*, 321 B.R. 420 (Bankr. N.D. Oh. 2004)). *See also In re UBS AG ERISA Litig.*, No. 08 Civ. 6696(RJS), 2012 WL 1034445, at *4 (S.D.N.Y. March 23, 2012) ("[A] district court has not committed a 'manifest injustice' unless its error was 'direct, obvious, and observable.'" (quoting Black's Law Dictionary 1048; citing *U.S. v. Luciano*, 329 F.3d 1, 5 (1st Cir. 2003))); *In re Roemmele*, 466 B.R. 706, 712 (Bankr. E.D. Pa. 2012) ("A party may only be granted reconsideration based on manifest injustice if the error is apparent to the point of being indisputable. In order for a court to reconsider a decision due to manifest injustice, the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view [it]." (quotations and citations omitted)).

Discovery had been originally stayed in this case pending the outcome of Motions for Summary Judgment by PNS Stores and FM Global. Bender filed its Motion for Summary Judgment *after* discovery had already been stayed. Of course, "[t]he manifest injustice standard presents plaintiff with a high hurdle." *Westerfield v. U.S.*, 366 Fed.Appx. 614, 619 (6th Cir. 2010) (unpublished). "[R]eliance on an unsettled area of law does not amount to manifest injustice." *Adams v. District of Columbia*, 793 F.Supp.2d 392, 399 (D.D.C. 2011) (citing *Qwest Serv's Corp. v. Fed. Commc'n Comm'n*, 509 F.3d 531, 540 (D.C. Cir. 2007)). Importantly, "[t]here is no manifest injustice for purposes of a Rule 59(e) motion 'where … a party could easily have avoided the outcome, but instead elected not to act until after a final order had been entered.'" *In re Enron Corporation Securities, Derivative, & "ERISA" Litigation*, No. MDL–1446, 2011 WL 3489599, at *5 (S.D. Tex. Aug. 9, 2011) (quoting *In re Young*, No. 08-41515, 2009 WL 2855766, at *4 (Bankr. E.D. Tex. Sept. 2, 2009)). Nor is there manifest injustice "'if the only error the movant seeks to correct is a poor strategic decision.'" *In re Cusano*, 431 B.R. at 734 (quoting *In re Henning*, 420 B.R. 773, 785 (Bankr. W.D. Tenn. 2009)). *See also Courtade v. Harrah's Operating Co., Inc.*, No. 10–4036, 2011 WL 2446454, at *4 (E.D. La. June 15, 2011) ("[T]he negligence or erroneous strategy choices of a party's attorney or the party herself, which contributed to the court's dismissal of the party's claims, do not amount to manifest injustice." (citing *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 409 (4th Cir. 2010); *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226-27 (4th Cir. 2005); *Universal Film Exchs., Inc. v. Lust*, 479 F.2d 573, 577 (4th Cir. 1973); *Fox v. Am. Airlines*, 389 F.3d 1291, 1296 (D.C. Cir. 2004); *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 673 (D.C. Cir. 2004))). The stay of discovery—coupled

9

with this Court's error of fact—combine to create a manifest injustice. Under these circumstances, reconsideration is appropriate.

The Court stands by its previous ruling that that Sections 8.1, 15.1, and 12.6 of the Lease do not deprive Bender of a remedy. The Court finds that Section 12.2 of the Lease clearly requires PNS Stores to obtain an insurance policy that does not include a deductible, or alternatively to assume liability for the deductible amount. Section 12.2 obligates PNS Stores to maintain an insurance policy on the property to its full replacement value; further, PNS Stores must maintain that policy "in full force" and "at its sole expense." If PNS Stores elects to obtain an insurance policy with a deductible, it is required to pay the deductible amount at its sole expense in response to a reasonable, valid claim for damages. However, a genuine issue of material fact remains as to the valid, reasonable amount of damages that PNS Stores would be obligated to pay under the Lease. As such, summary judgment is not appropriate at this time, and Bender's Motion for Summary Judgment must be denied.

### IV. CONCLUSION

For the reasons explained above, PNS Stores' Motion for Reconsideration (Doc. No. 49) is **GRANTED.** The parties are ordered to file a proposed scheduling order within 7 days of the date of this Memorandum and Order.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 27th day of May, 2012.

**KEITH P. ELLISON**
**US DISTRICT COURT JUDGE**